**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 8, 2024

LETTER TO COUNSEL

RE:   *Angela D. v. Commissioner, Social Security Administration*
      Civil No. SAG-23-2011

Dear Counsel:

On July 26, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision to deny her claim for benefits. ECF No. 1. Having reviewed the record (ECF No. 8) and the parties' briefs (ECF Nos. 12, 14, 17), I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). I must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under these standards, I will reverse the SSA's decision and remand this case to the SSA. This letter explains my rationale.

## I.   PROCEDURAL BACKGROUND

Plaintiff protectively filed claims for disability insurance benefits and supplemental security income benefits on March 29, 2018, alleging a disability onset of February 24, 2018. Tr. 12. The claims were denied initially and on reconsideration. *Id.* After holding a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. Tr. 9–24. The Appeals Council declined to review the ALJ's decision, Tr. 1–6, so Plaintiff filed an appeal in this Court, Tr. 466–73. The Court remanded Plaintiff's case to the SSA. Tr. 463–65. On remand, the Appeals Council vacated the ALJ's decision. Tr. 454–60. A second hearing was held on January 24, 2023. Tr. 409–53. On April 26, 2023, an ALJ issued an unfavorable decision on Plaintiff's claims. Tr. 386–408. Plaintiff filed no exceptions with the Appeals Council and the Appeals Council did not assume jurisdiction, so the April 26, 2023 decision is final and subject to judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.984(d), 416.1484(d).

## II.  THE ALJ'S DECISION

The Social Security Act[1] defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The SSA evaluates disability claims using a five-step sequential evaluation process.

---

[1] 42 U.S.C. §§ 301 et seq.

*Angela D. v. Commissioner, Social Security Administration*
Civil No. SAG-23-2011
May 8, 2024
Page 2

*See* 20 C.F.R. §§ 404.1520, 416.920. Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since February 24, 2018, the alleged onset date." Tr. 392. At step two, the ALJ found that Plaintiff had the following severe impairments: right ulnar neuropathy, left carpal tunnel syndrome, osteoarthritis of the bilateral knees, obesity, neuropathy of the bilateral feet and legs, degenerative disc disease of the lumbar spine and cervical spine, and diabetes mellitus. *Id.* The ALJ found that Plaintiff's GERD, hypertension, hyperlipidemia, and thyroid abnormality were non-severe. Tr. 392–93. The ALJ also found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 395. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to frequent climbing of ramps and stairs, and balance. She can occasionally stoop, kneel, crouch, and crawl. She can never climb ladders, ropes, or scaffolds. She can frequently handle, finger, and feel with the bilateral upper extremities and operate hand controls and push/pull with the bilateral upper extremities.

Tr. 396. The ALJ also found that, as of August 7, 2021, Plaintiff "was able to perform these limitations, but at the sedentary range of exertion." *Id.* Because Plaintiff's RFC did not prevent her from performing three of her past relevant jobs (including her job as a receptionist, which was classified as sedentary work), the ALJ found that Plaintiff was not disabled. Tr. 400–01.

### III. LEGAL STANDARDS

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id*. In conducting the substantial-evidence inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

### IV. ANALYSIS

Plaintiff argues that the ALJ's step-four conclusion is not supported by substantial evidence because: (1) the ALJ did not conduct a function-by-function analysis of Plaintiff's RFC pursuant to Social Security Ruling ("SSR") 96-8p and (2) the ALJ conflated the RFC analysis

with an evaluation of Plaintiff's symptoms. ECF No. 12 at 7–18. Defendant counters that the ALJ applied the proper legal framework and conducted an RFC assessment that is supported by and consistent with the evidence. ECF No. 14 at 6–12.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). RFC is expressed in terms of a claimant's ability to do "sustained work-related physical and mental activities in a work setting" for "8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). When assessing RFC, an ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945." *Id.*

The RFC assessment must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. "Without a careful consideration of an individual's functional capacities to support an RFC assessment based on an exertional category, the adjudicator may . . . overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do[.]" *Franklin v. Colvin*, No. 514CV00084MOCDLH, 2016 WL 1724359, at *6 (W.D.N.C. Apr. 29, 2016) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)).

Here, remand is warranted because the Court is unable to discern the ALJ's rationale for limiting Plaintiff to sedentary work as of August 7, 2021. Notably, the ALJ observed that "[t]he evidence supports a significant worsening of condition, particularly in the lower extremities, based on an ankle injury suffered in August 2021, as well as . . . worsening of nerve conduction in the lumbar spine, which is more consistent with the sedentary range of exertion." Tr. 398–99. The ALJ observed that the "worsening of condition" was "particularly" related to Plaintiff's "ability to use the lower extremities for walking and standing throughout a workday." Tr. 400. Thus, the ALJ concluded that Plaintiff was limited to sedentary work as of August 7, 2021. Tr. 396, 400.

By limiting a claimant to sedentary work, an ALJ impliedly finds that the claimant can stand and walk for two hours during an eight-hour workday.[2] *See* SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). Here, the ALJ apparently determined that Plaintiff's worsened condition warranted a shift to sedentary work—a more restrictive exertional category than light work—as of August 2021. *See* Tr. 400. But the ALJ did not support this finding with "a narrative

---

[2] When a sedentary RFC assessment is silent as to certain exertional limitations, the RFC assessment "implicitly" adopts the exertional aspects of sedentary work as defined by the SSA. *See Bennett v. Astrue*, No. CA 1:10-1931-RMG-SVH, 2011 WL 2470084, at *15 (D.S.C. May 31, 2011), *report and recommendation adopted*, 2011 WL 2470070 (D.S.C. June 20, 2011).

discussion describing how the evidence supports" a sedentary-work RFC as of this date.[3] SSR 96-8p, 1996 WL 374184, at *7.  Consequently, it is not clear how the ALJ found that Plaintiff could stand and walk for two hours during a workday despite the "significant[ly] worsen[ed]" state of her lower extremities. Tr. 398.  The ALJ's failure to explain how the evidence supports a limitation to sedentary work—as opposed to a limited range of sedentary work or a finding that Plaintiff lacked *any* RFC as of August 2021—frustrates meaningful review.

The Fourth Circuit has declined to adopt a per se rule requiring remand when an ALJ fails to perform an explicit function-by-function analysis.  *See Mascio*, 780 F.3d at 636.  However, if a function is "critically relevant to determining [a claimant's] disability status," remand for failure to perform such an analysis is appropriate.  *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 389 (4th Cir. 2021).  Here, the sitting and standing requirements of sedentary work are relevant to the ALJ's finding that Plaintiff can perform past relevant work at the sedentary exertional level.  Upon a proper evaluation of Plaintiff's RFC, the ALJ may determine that Plaintiff has lacked the capacity for sedentary work since August 2021.  This finding would affect the RFC assessment and, in turn, Plaintiff's ability to perform past relevant work.  Accordingly, the Court will remand this case so that the ALJ can conduct an RFC assessment that complies with SSR 96-8p.[4]

## V.     CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  An implementing order follows.

> Sincerely yours,
>
> /s/
> Stephanie A. Gallagher
> United States District Judge

---

[3] Notably, the ALJ supported the light-work portion of the RFC assessment by assigning persuasive value to the opinions of two state agency medical consultants.  *See* Tr. 400.  However, the ALJ did not cite any similar evidence when crafting the RFC assessment's sedentary portion.

[4] Because the Court remands Plaintiff's case on these grounds, it does not reach the remainder of Plaintiff's arguments.  The Court expresses no opinion on the ultimate merits of Plaintiff's applications for benefits.